[No. 6633.]

## SELFRIDGE ET AL. v. LEONARD-HEFFNER COMPANY.

1. JURY—*Trial by*—*Equity Causes*—In an equity cause neither party is entitled to a trial by jury. If in such a cause a jury is empannelled, the court may of its own motion, after evidence has been heard, discharge the jury and make its own finding—(316).

2. MECHANICS LIENS—*A Proceeding in Equity*—An action to foreclose a mechanics lien is equitable in its nature and controlled by the rules of chancery practice—(316).

3. ——*Cross Complaint Demanding Damages*, for the violation of the contract upon which plaintiff's action is grounded does not change the character of the action to one at law—(316).

4. Appeals—*Harmless Error*—The admissibility of evidence for the plaintiff in a cause tried without a jury will not be considered on an appeal by the defendant, where, irrespective of such evidence, sufficient is found in the record to support the judgment—(316).

*Appeal from Boulder District Court*—Hon. James E. Garrigues, Judge.

Messrs. Montgomery & Ingram, and Miss Elizabeth M. Brown for appellants.

Mr. John R. Wolff for appellee.

Mr. Justice White delivered the opinion of the court:

Appellee, as plaintiff in the court below, sued appellants, as defendants, to foreclose a mechanic's lien upon a certain mill-site, and a lode mining claim, situated in Boulder County. The lien claimed was for the purchase price of machinery, materials, supplies and equipment used in the construction of a water power plant and air compressor. The principal defense interposed was set forth in a cross-complaint, wherein it was alleged that defendants were substantially damaged, in that the power plant and air compressor were not constructed according to agreement, and that the materials and equipment furnished and used therein were not of the kind, quality and efficiency agreed upon by the parties. A jury was called, but during the taking of testimony, or at the close of the evidence, was discharged, and the court thereafter made special findings of fact in favor of plaintiff and declared "that the allegations of defendants' answer are not sustained by the evidence; that the material allegations of the complaint are true," and gave judgment accordingly establishing the lien on the mill-site. From the judgment and decree the defendants prosecute this appeal.

Upon the material issues of the case, the evidence

was conflicting. Appellants, therefore, contend that the action of the court in withdrawing the case from the consideration of the jury, constitutes reversible error.

In a law case, if there is evidence which tends to establish the plaintiff's cause of action and the defendant's defense, sufficient, if uncontroverted, to sustain the allegations of each party, it is error for the court to withdraw the case from the consideration of the jury, or to direct a verdict therein. In such cases it is not for the court to determine or pass upon the sufficiency of the evidence, as that duty rests solely upon the jury.

This rule, however, does not apply in equity cases. Neither party is entitled to a jury trial therein as a matter of right. The court upon its own motion, may, in such cases, invoke the aid of a jury in determining specific questions of fact; and it may, before those questions are so determined, or afterwards, dispense with the jury, or disregard its report and make its own findings of fact.—*Peck et al. v. Farnham,* 24 Colo. 141; *Kellogg v. Kellogg,* 21 Colo. 181, 183; *Saint v. Guerrerio,* 17 Colo. 448; *Kirtley v. Marshall S. M. Co.,* 8 Colo. 279.

Proceedings to foreclose mechanics' liens are in their nature equitable, and are necessarily governed by the rules pertaining to chancery practice.—*Williams v. Uncompahgre C. Co.,* 13 Colo. 469, 478; *San Juan & St. L. M. & S. Co. v. Finch,* 6 Colo. 214, 218; *Bradbury & Co. v. Butler & Son,* 1 Colo. App. 430, 433.

The fact that the answer or cross-complaint sought to recover damages, does not change the cause of action as set forth in, and determined by, the complaint. The action therein stated was in equity, and remained such throughout the trial, notwithstanding the character of the answer. When a court of equity acquires jurisdiction of a cause, it has jurisdiction thereof for the purpose of determining the rights of the parties growing

·out of the controversy, notwithstanding some of the matters involved might properly be determined in an action at law.—*Cree v. Lewis,* 49 Colo. 186; 112 Pac. 326; *Nelson v. First Nat. Bk.,* 8 Colo. App. 531, 534.

A witness, who was a dealer in the class of machinery sold to defendants, was permitted, as an expert, to testify as to the capacity of the power plant and air compressor in controversy, and the amount of horse power necessary to run the same, and also that the plant and machinery greatly enhanced the value of the mill-site on which it was placed. As the cause was properly determined by the court, without the intervention of a jury, and there was sufficient evidence to support the conclusions, irrespective of that of which complaint is made, it is unnecessary to consider the admissibility or non-admissibility of the evidence in question.

We do not deem it necessary to notice other objections urged. There was sufficient, relevant and material evidence to support the findings, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.