## No. 10,343.

### ROSENBAUM *v.* BUCHHEIT, EXECUTOR.

Decided April 2, 1923. Rehearing denied May 7, 1923.

Action for specific performance. Judgment for defendant.

*Affirmed.*

1.   EQUITY—*Jury Trial.*   In an equity case neither party is entitled to a trial by jury, and if one is called, the court may, of its own motion, at the close of the evidence, discharge the jury and make its own findings.

2.   *Motion for Judgment.*   In an equity case, a motion for judgment at the close of the evidence, is not equivalent to a demurrer to the evidence.

*Error to the District Court of Boulder County, Hon. Neil F. Graham, Judge.*

Mr. O. A. JOHNSON, Messrs. HONAN & COOK, for plaintiff in error.

Messrs. GOSS, KIMBROUGH & HUTCHINSON, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties occupy the same relative position here as in the trial court.

This was an action to enforce specific performance of an alleged oral contract whereby decedent agreed, in consideration of services thereafter to be performed by plaintiff, to will to the latter her entire estate. A jury was called and sworn over the objection of defendant and, at the close of all the evidence, dismissed by the court. On motion of defendant judgment was thereupon entered for him. To review that judgment this writ is prosecuted.

We quote from the brief of plaintiff in error:

"The paramount question is: Did the court err in sustaining defendant's motion, made at the close of the testimony on both sides, to take the case from the jury, and to give a judgment for the defendant on the grounds stated in the motion? Upon this court's answer to this question the respective rights of the parties hinge."

We think that statement correct. Four of the forty-nine assignments are directed to it.

The cause was equitable in its nature. Plaintiff was not entitled to a jury. The grounds of the motion were:

"That the pleadings do not state sufficient facts to constitute a cause of action; * * * that the proof does not show a cause of action independent of the pleadings." In sustaining that motion the court clearly acted within its powers, and, irrespective of the sufficiency of the complaint, the record supports that action.

Plaintiff contends that if, "admitting, as true, all the testimony introduced by plaintiff he was entitled to recover, then this case must be reversed", i. e., the court having called and sworn a jury in an equity case must submit to them all questions of fact therein, and a motion for judgment at the close of all the evidence is equivalent to a demurrer thereon. The contrary of these two propositions is the law. *Selfridge v. Leonard-Heffner Co.*, 51 Colo. 314, 117 Pac. 158, Ann. Cas. 1913B, 282.

Such a motion in such a case is not equivalent to a demurrer to the evidence even when filed at the close of the proof of plaintiff. *Peters v. Peters,* 73 Colo. 271, 215 Pac. 128.

Having accepted as correct the statement of counsel for plaintiff in error, *supra,* it becomes unnecessary to notice the remaining forty-five assignments.

The judgment is affirmed.