## No. 13,870.

### TIGER PLACERS COMPANY *v.* FISHER.
(54 P. [2d] 891)

Decided January 20, 1936. Rehearing denied February 24, 1936.

Mr. WARWICK M. DOWNING, Mr. RICHARD DOWNING, for plaintiff in error.

MR. BARNEY L. WHATLEY, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT for wages and foreclosure of mechanic's lien. Judgment was given as prayed, and error is assigned.

Fisher, employed by the Tiger Placers Company, alleged that a certain sum was due him for labor performed, in aid of which he filed statement of lien, seeking to charge therewith a dredge boat and other property of the company. As assignee of ten like claims he made similar allegations. Issues were formed, but other than as to the eleventh cause of action, the right of lien as to all the causes, and the company's cross complaint, judgment entered conformably to stipulation of counsel in open court.

Pursuant to notice the cause was set to be tried October 9, 1935. On that day the company sought continuance and the matter was reset for October 24, 1935. The company again moved for continuance, showing the indisposition and absence of its president. The motion was denied. The statute contemplates speedy disposition of causes of this nature. C. L. 1921, §6454; *Howard v. Fisher,* 86 Colo. 493, 519, 283 Pac. 1042. The affidavit of the absent president does not show knowledge of facts having to do with issues not disposed of by stipulation. Besides, the ruling of the court on the motion to continue was predicated in part on the agreement of Fisher's counsel that such affidavit, so far as pertinent, material and competent, should be considered as the evidence of the absent official of the company. We cannot think the court abused its discretion in refusing

continuance. To the contention that the president was needed for consultation purposes, we think sufficient answer is that its regular counsel and secretary, both of the company's directorate, as well as its engineer and other technical employees, attended the trial. The record does not indicate that counsel for the company was unadvised or overlooked anything as the trial proceeded.

█ It is contended that the court erred in refusing a jury trial on the company's cross complaint for damages. Since the complaint was in equity, neither party was entitled to trial by jury. *Neikirk v. Boulder Nat. Bank,* 53 Colo. 350, 127 Pac. 137. While the cross complaint presented issues determinable at law, the complaint fixed the nature of the suit, and by what arm of the court it should be tried. *Selfridge v. Leonard-Heffner Co.,* 51 Colo. 314, 117 Pac. 158.

██ That a dredge is regarded as subject to lien, see *Colorado Gold Dredging Co. v. Stearns-Roger Mfg. Co.,* 60 Colo. 412, 153 Pac. 765. It is not seriously urged that Fisher and his assignors were not entitled generally to a lien, but it is insisted that their lien statement was not filed in time. It appears that the company's dredge boat was shut down for repairs from January to July, 1935. During that time, Fisher and his assignors worked as laborers thereon for the several periods and at the wage rates stipulated at the trial, but all quit about March 29, 1935. Their lien statement was filed June 20, 1935. The argument is that they must have filed their lien statement not later than thirty days after they quit work. It seems to be the law that as to laborers working directly for the owner of the property, time for filing lien statements does not commence to run until the completion of the work on which they are engaged. Here, the controlling event was in July, 1935. See C. L. 1921, §§6442, 6445, 6449, 6450; *Western Elaterite Roofing Co. v. Fisher,* 85 Colo. 5, 273 Pac. 19; *State Bank of Chicago v. Plummer,* 54 Colo. 144, 129 Pac. 819.

As to the company's cross complaint, our study leads

us to conclude the trial court rightly resolved it had not been established.

 Concerning the eleventh cause of action, the contention is that since part of the claim consisted of expenses, such part cannot be regarded as compensation, hence is not within the protection of the lien act. *State Bank of Chicago v. Plummer, supra,* is authority otherwise.

Let the judgment be affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.