**BENDIX AVIATION. CORPORATION v. GLASS.**

**Civ. A. No. 8592.**

United States District Court
E. D. Pennsylvania.

Nov. 30, 1948.

Charles H. Howson and Dexter N. Shaw, both of Philadelphia, Pa., for plaintiff.

Leonard L. Kalish, of Philadelphia, Pa., for defendant.

646

KIRKPATRICK, Chief Judge.

This is a motion by the plaintiff, based upon Federal Rules of Civil Procedure, rule 39(a) (2), 28 U.S.C.A., to strike the defendant's demand for a jury trial.

The complaint alleges that the defendant has refused to carry out a contract (made when he entered the plaintiff's employ) to assign to the plaintiff a pending patent application and asks that the defendant be required to execute an assignment. The action is a simple suit for specific performance, as such, cognizable in equity.

The defendant filed an elaborate answer and counterclaim. One of the numerous grounds [1] upon which the answer denies the plaintiff's right to have the patent application assigned to it is that the employment contract, upon which the suit was brought, was executed by the defendant upon "the understanding and upon the implied agreement" that if the invention turned out to be patentable and of commercial value, the plaintiff would pay reasonable and fair compensation for its use and commercial exploitation, and that the plaintiff has failed and refused to pay any compensation for its very substantial commercial exploitation. Whatever defense these facts are intended to raise—whether no consideration or failure of consideration or possibly breach by the plaintiff or failure on the part of the plaintiff to perform a condition—they are pleaded in the answer as a direct bar to the plaintiff's claimed right to specific performance and not as a collateral issue.

The cause of action pleaded in the counterclaim is based upon the same facts as the defense just outlined. It avers the same "understanding and implied agreement", the commercial exploitation of the invention by the plaintiff to its own profit in excess of $3,000,000 and the plaintiff's refusal to pay anything to the defendant-counterclaimant, by reason of which facts a money judgment is demanded.

The defendant's demand is for a jury trial not merely upon the counterclaim but upon all issues presented by the pleadings.

Under the old system of divided law and equity procedure a defendant in an equity suit who had a cause of action at law against a plaintiff waived his right to a jury trial if he pleaded it as a counterclaim against the plaintiff's bill. However Rule 13(a) now makes it compulsory for him to do so if his claim arises out of the same transaction. Consequently there can be no question of this defendant's having waived jury trial by putting in his claim as a counterclaim to an equitable action.

As pointed out in Beaunit Mills, Inc., v. Eday Fabric Sales Corporation, 2 Cir., 124 F.2d 563, 565, " * * * there are no longer equity cases and law cases, and it is the issues, not the form of case, which now determine the method of trial."

In the present case the cause of action stated in the complaint, the remedy sought and the defenses pleaded in the answer, including the "understanding and implied agreement" for compensation, create an issue which is as purely equitable as anything can be. It is whether the defendant can be compelled to specifically perform his side of the employment contract. This issue the defendant cannot transform into one at law merely by counterclaiming for money damages.

[1] Other grounds are:

1. That the contract was signed by the defendant under duress.

2. That the defendant did not understand and was not advised of the scope of the contract given to it in the complaint and if that is what it means there was no meeting of minds upon it and consequently no contract.

3. That if construed so as to support the plaintiff's claim for relief, the contract would be void because against public policy and in violation of (a) the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., (b) the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., (c) the War Manpower Laws, regulations and orders and (d) the Anti-Trust Laws.

4. That the contract has been rescinded.

5. That the invention which is the subject of the suit was not made by the defendant while he was employed by the plaintiff and that the contract does not cover it.

In addition, the answer says that an earlier assignment of the application of which the one in controversy is a division is invalid and "should be set aside or reformed."

■ On the other hand the issue raised by the counterclaim is at law—whether the plaintiff has broken a promise to pay the defendant money. If this breach of contract had not been pleaded as a defense, if the promise had been set out as a collateral agreement or as a collateral term of the employment contract performance of which was not necessary to entitle the plaintiff to relief, the issues could be severed and a separate jury trial awarded to the defendant upon his counterclaim. As it is, the facts upon which the counterclaim is based, if proof of them is offered as a defense, will have to be determined in the trial upon the equity issue.

■ I think that the disposition made of a very similar situation by Judge Coxe in Union Central Life Ins. Co. v. Burger, D. C., 27 F.Supp. 554, was the correct one. Following the practice indicated in that case, an order may be presented denying the defendant's motion for a jury trial with permission, however, to proceed at law with a jury trial in the event that the trial of the equity issue does not end the litigation.

■■ The defendant has sought to get the ground for equity jurisdiction out of the case by making a written offer to assign the patent and moving to dismiss the complaint on the ground that the cause is thus made moot. It is not necessary to decide whether an unconditional offer on the part of the defendant would have had the effect which he desires, although it may be noted that tender after suit brought is not ordinarily a defense to the action but merely operates as a termination of liability for interest and costs accruing thereafter. The present written offer to assign is not unconditional. It is expressly made subject to payment by the plaintiff of compensation as claimed in the counterclaim coupled with what, in view of the pleadings, amounts to a complete denial of any obligation under the employment contract. As made, it clearly can have no effect whatever upon the status of the action. The motion to dismiss the complaint is denied.

The defendant's motion to amend the answer is granted.