No. 21,094.

T. E. MILLER, SR., ET AL., *v.*
THE DISTRICT COURT IN AND FOR ARAPAHOE COUNTY, ET AL.
(388 P. [2d] 763)

Decided January 27, 1964.     Rehearing denied February 10, 1964.

126

Mr. FRED M. WINNER, Messrs. YEGGE, HALL & SHULEN-BURG, for petitioners.

Messrs. ROTHGERBER, APPEL & POWERS, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in mandamus in which the prayer of the petition was:

"That an order be issued directing the Respondent District Court in and for the County of Arapahoe, to show cause why it should not be ordered and directed to vacate and set aside its order entered in Civil Action No. 17694, which order granted plaintiffs Motion to Strike from the Jury Calendar and Restore to the Calendar as a Trial to the Court."

Upon consideration of the petition we directed that the rule to show cause should issue. From the showing made by the instruments filed herein it appears that the respondents other than the district court were plaintiffs in the action above referred to, and the Millers, petitioners herein, were defendants.

The complaint of the plaintiffs contained allegations to the effect that defendants executed a promissory note, secured by a mortgage deed; that default had been made in the terms thereof; that the security for the indebtedness is inadequate and "that the rents and financial bene-

fits from the mortgaged land are being wasted." The prayer of the complaint is as follows:

"WHEREFORE, Plaintiff demands foreclosure by sale of the mortgaged property described in paragraph 2 to satisfy the debt principal of One Hundred Twenty-Nine Thousand Dollars ($129,000.00) plus interest of eight percent (8%) per annum from January 25, 1961, to date of judgment, a personal judgment against defendants for the debt, appointment of a Receiver, costs and attorneys fees and such other relief as the Court deems proper."

The defendants (petitioners herein) by answer denied material allegations of the complaint; alleged fraud in the procurement of the note and mortgage; and asserted, in all, eleven separate defenses. In addition thereto the defendants filed a counterclaim for damages for alleged breach of contract involving the transaction in which note and mortgage were executed. The prayer of the counterclaim is as follows:

"WHEREFORE, these Defendants, and each of them, pray a set off in the amount of the prayer in the Complaint, and pray judgment against the Plaintiff by way of Counter-Claim against the successor to Securities Credit Corporation, in the amount of $500,000.00 plus costs, interest, and attorneys' fees, and for such other and further relief as the Court may deem just and proper."

The defendants demanded trial to a jury under Rule 38 (b) R.C.P. Colo. On December 2, 1963, a pretrial conference was held, and an order entered that the issues be tried to a jury of twelve. On December 5, 1963, eleven days prior to the date set for trial, petitioners received a copy of an instrument entitled "Plaintiffs' Motion to Strike from the Jury Calendar and Restore to the Calendar as a Trial to the Court." Said Motion was promptly heard and on December 12, 1963, petitioners were informed by the respondent court that the court had ordered the action tried by the court without a jury, commencing December 16, 1963. Thereupon the petition in the instant original proceeding was filed.

128

Petitioners argue that Rule 38 (a) R.C.P. Colo. establishes in them a right to trial by jury. They assert that the order denying them a jury trial exceeds the jurisdiction of the respondent District Court, and is an abuse of discretion on the part of said court; that the case involves many complicated issues and over 200 exhibits and that they have no adequate remedy at law.

Counsel for respondents argue, inter alia, that the foreclosure action was commenced by filing "a typical foreclosure complaint." They assert that such a complaint invokes the jurisdiction of the equity arm of the court and the character of the action is thereby determined, as a result of which a trial by jury is improper, notwithstanding that the counterclaim of the defendants raises issues which would properly be matters for jury trial if set forth in the complaint in a separate action.

Counsel for petitioners rely exclusively upon the provisions of Rule 38 (a) as the source of their right to a jury trial. It provides:

"Upon demand, in actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried to a jury, unless a jury trial is thereafter waived."

This rule, in all material parts, adopts without change the provisions of Rule 191 of the Code of Civil Procedure. This code provision had been construed on numerous occasions by this court prior to the adoption of Rule 38 (a). The promulgation of the new rule, the pertinent parts of which are in the exact language of the pre-existing code, necessarily included the construction theretofore given the language of the code provisions. The new rule of civil procedure did not enlarge upon the right to jury trial as those rights were fixed by the code provision and the judicial pronouncements thereunder. No other rule of civil procedure enlarges the category of cases in which the right to jury trial shall be had.

In *Neikirk v. The Boulder National Bank,* 53 Colo. 350, 127 Pac. 137, we find the following language was applied to the applicable provisions of the Code of Civil Procedure:

"Plaintiffs in error demanded a trial by jury in the court below, which was denied. They alleged certain damages which they sought to recover. It was an action for the foreclosure of a mortgage. Under our code, whether an issue of fact must be tried by a jury depends upon the character of the action in which the issue is joined. The foreclosure of a mortgage is an equitable proceeding, and the issues joined are to be tried by the court. *Danielson v. Gude,* 11 Colo. 87; *Coal Co. v. Coal Co.,* 24 Colo. 116; *Selfridge v. Leonard-Heffner Co.,* 51 Colo. 314."

To like effect are the opinions of the Court in the following cases: *Danielson v. Gude,* 11 Colo. 87, 17 Pac. 283; *Cree v. Lewis,* 49 Colo. 186, 112 Pac. 326; *Selfridge v. Leonard-Heffner Co.,* 51 Colo. 314, 117 Pac. 158; *Plains Iron Works Co. v. Haggott,* 72 Colo. 228, 210 Pac. 696; *Rosenbaum v. Buchheit,* 73 Colo. 260, 215 Pac. 131; *Tiger Co. v. Fisher,* 98 Colo. 221, 54 P. (2d) 891.

Counsel for petitioners direct our attention to a statement contained in the opinion of this court in *Johnson v. Neel,* 123 Colo. 377, 229 P. (2d) 939, as follows:

"In basing the determination of this question on grounds of equitable estoppel we are not unmindful of our opinion in *Tiger Placers Co. v. Fisher,* 98 Colo. 221, 54 P. (2d) 891, in which we recognized the rule that the original complaint filed in an action fixes 'the nature of the suit, and by what arm of the court it should be tried,' and whether either party is entitled to a jury trial even though the cross complaint of the defendant presented issues properly triable to a jury. That case, and others therein cited, was determined under the code of civil procedure. Whether or not the result would be the same under the Rules of Civil Procedure which contains a pro-

vision relating to compulsory counterclaims (Rule 13[a]) we do not determine."

It is argued that the last sentence of the above quoted language justifies a departure from the rule adhered to under provisions of the Code of Civil Procedure. This calls for a comparison of Rule 13 (a) R.C.P. Colo. with the pertinent provision of the Code of Civil Procedure to determine whether there is material difference which would justify an abandonment of the rule announced in *Neikirk v. The Boulder National Bank,* supra, and other cases above cited.

Rule 13 (a) R.C.P. Colo., is captioned "Compulsory Counterclaims." It provides that: "A pleading shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction * * *."

The sections of the Code of Civil Procedure in effect when the cases hereinabove cited (other than Johnson v. Neel) were decided, are as follows:

Section 62. "The answer of the defendant shall contain:

\* \* \*

"Second—A statement of any new matter constituting a defense, or counterclaim in ordinary and concise language, without unnecessary repetition. * * *"

Section 63. "Counterclaim — What constitutes. — The counterclaim mentioned in the last section, shall be one existing in favor of the defendant or plaintiff, and against a plaintiff or defendant, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"First—A cause of action arising out of the transaction set forth in the complaint or answer, as the foundation of the plaintiff's claim or defendant's defense, or connected with the subject of the action.

"Second—In an action arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action. [L. '87, p. 112, § 57; Code '08, § 63.]"

In substance there is no material difference between the rule and the provision of the code on the subject of compulsory counterclaims, to justify abandonment of the rule announced in *Neikirk v. The Boulder National Bank,* supra, with reference to the right to a jury trial.

The rule is discharged.

MR. JUSTICE HALL concurs in the result.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur in part and dissent in part.

MR. JUSTICE FRANTZ concurring in part and dissenting in part:

Traditional concepts regarding the fact-finding function of the jury in claims of a legal nature and of the court in claims of equitable cognizance are recognized and maintained by Rules 38 and 39, R.C.P. Colo. Any other construction of these rules disserves language and its rather plain meaning as used in the rules.

Cases interpreting the former Code of Civil Procedure can be of little value as precedent for the construction of Rules 38 and 39, R.C.P. Colo. Material changes were effected by the adoption of the present rules, as was pointed out in an address (No. 9) by a member of the Revision Committee when he stated: "This chapter changes a good deal of our former practice and should be carefully analyzed before trial." In the same address he further pointed out that "under this provision you can demand a jury trial on a single issue or on all issues."

Under Rules 38 and 39 (with one exception not pertinent to the present problem), only the party having a procedural right to trial of an issue or issues to a jury

may act to lose that right; it is not within the power of his adversary to bring about such a result. The words of the rules make this manifest. The mention of the ways in which the party who is entitled to have a jury trial of an issue loses this procedural right excludes the notion that his adversary may compass the loss of such right.

How many he lose this right? I enumerate:

1. "An issue of fact must be tried by a jury, unless a jury trial is thereafter waived." Rule 38 (a) and (d).

2. A demand for a jury trial of certain issues may constitute a relinquishment of such trial as to other issues. Rule 38 (b) and (c).

3. He may "consent to trial by the court sitting without a jury," either by written stipulation filed with the court or by oral stipulation made in open court. Rule 39 (a).

The only way in which the adversary can effect a denial of jury trial is by his failure "to appear at the trial." Rule 39 (a). That the rule provides but one way that an adversary may circumvent jury trial strongly suggests that the adversary has no other way to achieve it.

"Any party may demand a trial by jury of any issue triable by a jury. . . ." Rule 38 (b). "In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all issues so triable." Rule 38 (c). This is plain language; and yet is not its meaning beggared by the construction contained in the majority opinion?

If demand for jury trial includes issues as to which a party is not entitled to a jury trial, court should not deny demand but should limit it to issues on which a jury trial could properly be sought. *Damsky v. Zavatt,* 289 F. (2d) 46.

I agree that the claim of the plaintiffs, being equitable in nature, should be tried to the court without a jury. Defenses asserted to defeat this claim should also be resolved by the court. If the resolution of the issues drawn by the complaint and answer leave the counterclaim of

defendants (legal in nature, and hence triable by a jury) not subject to the defense of res judicata, the trial court then should call a jury for the determination of the counterclaim and answers directed to it. *Bendix Aviation Corp. v. Glass,* 81 F.S. 645. See *City of Morgantown v. Royal Ins. Co., Ltd.,* 169 F. (2d) 713.

Once a proper demand for jury trial has been made, the trial court is divested of its authority as fact-finder. If the counterclaim becomes triable, the trial court, I would hold, has not the authority to resolve it since a proper demand for jury was made.

MR. JUSTICE PRINGLE specially concurring in part and dissenting in part:

I concur in that portion of the majority opinion which holds that one does not have the right to a jury trial on defenses sounding in law where the action brought by the complainant sounds in equity.

I dissent from that portion of the opinion which denies a right to a jury trial to one who interposes a counterclaim sounding in law to an action sounding in equity. I recognize that *Tiger Placers Co. v. Fisher,* 98 Colo. 221, 54 P. (2d) 891, is contrary to my view, but I would overrule that case and bring this state into line with the doctrine enunciated by the federal courts in applying Federal Rule 38, the source from which our Rule 38 emanates. See 5 Moore's *Federal Practice* 2d Ed., p. 145 ff and the cases collected thereunder, where it is said at page 146:

"* * * no waiver of jury trial results from the interposition of a 'legal' counterclaim, whether compulsory or permissive, in a civil action which is essentially equitable, nor from the interposition of both a 'legal' and an 'equitable' counterclaim.

"Actually there is no dispute as to the above principles. * * *"

I would have no hesitancy in overruling *Tiger,* supra, since what is involved here is a procedural and not a

substantive matter, and the plaintiff can, therefore, claim no vested right to have the counterclaim tried by the court by reason of that case.

In my view, neither a plaintiff nor a defendant should be deprived of the opportunity to have matters set up in a counterclaim which sound wholly in law determined by a jury of his peers because the plaintiff brought the original action against the defendant as a suit in equity.