CITICORP ACCEPTANCE COMPANY,
INC., Plaintiff–Appellee and
Cross–Appellant,

v.

Edward O. SITTNER, Jr.,
Defendant–Appellant and
Cross–Appellee.

No. 87CA1047.

Colorado Court of Appeals,
Div. V.

Jan. 5, 1989.

As Modified on Denial of Rehearing
March 2, 1989.

Kirkland & Ellis, Andrew J. Petrie, and Wayne F. Forman, Denver, Dugan & Wright, Thomas P. Dugan, Durango, for plaintiff-appellee and cross-appellant.

James C. Anesi, P.C., James C. Anesi, Durango, for defendant-appellant and cross-appellee.

PLANK, Judge.

Edward O. Sittner, Jr., (Sittner) appeals the judgment entered by the trial court finding that Citicorp Acceptance Company, Inc., (Citicorp) properly replevied eight new vehicles and was entitled to the proceeds from nine other vehicles. We reverse.

Citicorp was providing a revolving line of credit for new vehicles bought by Hunter Brothers Toyota (HBT). Sittner was the owner of the business premises occupied by HBT. When HBT went into default on its financing agreement with Citicorp, Citicorp discontinued its financing of HBT's purchases of new cars.

Prior to its default, HBT had committed to furnish seventeen vehicles to be used for promotional purposes at a bicycle race, but it became unable to purchase the vehicles because of the various financial problems it was experiencing. As a result, HBT approached Sittner to buy the seventeen vehicles so that it could fulfill its commitment. HBT told Sittner that if he purchased the vehicles, HBT would, after the race, furnish him names of prospective buyers for the cars. Sittner could then dispose of the vehicles himself. Sittner

and HBT agreed that the vehicles would be owned by Sittner and the Manufacturer's Statements of Origin were placed in Sittner's control. However, the cars could only be bought by HBT because Sittner was not an authorized dealer, and the various documents of title listed HBT as the owner. Also, the cars were delivered to HBT's place of business and were kept there except while being used in the race.

When HBT's manager became aware that less than seventeen vehicles were needed for the bicycle race, he informed Sittner. Sittner, through the help of the employees of HBT, sold the remaining nine vehicles which were not used for the bicycle classic. None of the proceeds ever went into HBT's account or were applied for the benefit of HBT. Instead, Sittner applied the funds received to reduce his loan on the seventeen vehicles he had financed.

Citicorp claimed it was entitled to the eight vehicles used in the bicycle classic and seized them in a replevin action. It premised its claim not on having provided the purchase money, but because HBT's agreement with Citicorp gave Citicorp a secured interest in all inventory and all additions thereto. It also claimed it was entitled to the proceeds from the sale of the nine cars sold to retail customers.

Sittner made a timely jury demand and the court set the matter for jury trial. However, three days before the trial was to commence, the trial court rejected Sittner's jury demand on the basis that the original complaint of Citicorp asserted an equitable theory of relief, *i.e.*, replevin. Subsequent trial to the court resulted in the judgment here appealed.

### I.

Sittner principally contends that the trial court erred in denying him the right to have the case heard by a jury. We agree.

■ The right to a jury trial in civil cases in this state exists only when specifically provided by the constitution, statute, or by rule of court. *See Kaitz v. District*

*Court*, 650 P.2d 553 (Colo.1982); *Motz v. Jammaron*, 676 P.2d 1211 (Colo.App.1983).

■ To determine when a party is entitled to a jury trial, the original complaint filed fixes the nature of the suit. *See Miller v. District Court*, 154 Colo. 125, 388 P.2d 763 (1964). If the plaintiff's complaint joins or commingles legal and equitable claims, the court must determine whether the basic thrust of the action is equitable or legal in nature. *Miller v. Carnation Co.*, 33 Colo.App. 62, 516 P.2d 661 (1973).

Here, Citicorp's complaint set forth four claims for relief including replevin, conversion, theft, and fraud. Furthermore, in the ad damnum clause, Citicorp asked the trial court for the return of all vehicles and proceeds. Alternatively, Citicorp sought damages for stolen property and requested an award of punitive damages.

■ The trial court found that, because the basic thrust of the complaint was for the replevin of the vehicles, the matter was to be tried equitably to the trial court. This ruling was erroneous.

Our analysis of the complaint leads us to conclude that the basic thrust of Citicorp's complaint was legal in nature. The complaint sought the return of specific property, and accordingly, the right to a jury trial on this claim existed pursuant to C.R.C.P. 38(a). That rule states, in pertinent part:

"Upon demand, in actions for the recovery of specific real or personal property, with or without damages or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, an issue of fact must be tried to a jury...."

■ Also, a replevin action is an action at law and traditionally carries with it the right to a jury trial, *Zimmerman v. Mozer*, 10 B.R. 1002 (Bankr.D.Colo.1981) (dictum), and it has generally been held that conversion is an action at law requiring a trial by jury upon demand. *See, e.g., Central Bank v. Superior Court*, 45 Cal.2d 10, 285 P.2d 906 (1955). Furthermore, Citicorp specifically pled fraud, a type of claim that is triable to a jury. *See Atkinson v. En-*

**657**

*glewood State Bank,* 141 Colo. 436, 348 P.2d 702 (1960).

Citicorp argues that *Western National Bank v. ABC Drilling,* 42 Colo.App. 407, 599 P.2d 942 (1979) is controlling. However, that case involved two secured parties in a repossession dispute with a debtor. Here, Sittner made no claim to be a secured creditor of HBT. Rather, Sittner, in his answer and counterclaim, alleged that the arrangement between HBT and himself was in essence a bailment and that, therefore, no security interest could attach. Furthermore, Sittner was not a debtor of Citicorp. Instead, HBT was Citicorp's debtor. Hence, we distinguish *Western* from the situation at issue and conclude that the trial court committed error in rejecting Sittner's demand for a jury trial.

## II.

■ Citicorp asserts that even if Sittner was entitled to a trial by a jury, the trial court ruling to the contrary was harmless error. We disagree.

We are not unmindful that a new trial should not be granted for error which did not prejudice or harm the party seeking a new trial, or where the trial resulted in substantial justice. *See* C.R.C.P. 61; *Francis v. O'Neal,* 127 Colo. 432, 257 P.2d 973 (1953). Here, Citicorp premises their argument on the fact that as the court's final judgment was equitable in nature, no error occurred. However, the judgment entered by the trial court denied Sittner his right to have issues determined by a jury in accordance with C.R.C.P. 38(a). This we determine was prejudicial error.

The judgment is reversed, and the cause is remanded for a new trial to a jury.

JONES and NEY, JJ., concur.