Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
June 4, 2018

**2018 CO 46**

**No. 17SC346, <u>Mason v. Farm Credit S. Colo., ACA</u>—C.R.C.P. 38—Right to a Jury Trial—Legal or Equitable —Basic Thrust Test.**

This case concerns the right to a jury trial in a civil case.  The supreme court considers whether trial courts must review the claims in a plaintiff's amended complaint, as opposed to those in its original complaint, to determine whether a party is entitled to a jury trial under C.R.C.P. 38.  The supreme court concludes that its prior cases and the Colorado Rules of Civil Procedure require it to answer that question affirmatively.  Accordingly, the court holds that when a plaintiff amends its complaint and a party properly demands a jury trial under C.R.C.P. 38, the trial court should determine whether the case may be tried to a jury based on the claims in the amended complaint.  The supreme court further holds that C.R.C.P. 38 permits a case to be tried to a jury when the claims in the plaintiff's amended complaint are primarily legal, as opposed to equitable.  Finally, after examining the respondents' amended complaint, the supreme court concludes that the respondents' claims against the petitioner are primarily legal, meaning the petitioner was entitled to a jury trial under C.R.C.P. 38.  As a result, the supreme court reverses the judgment of the court of appeals.

**2018 CO 46**

**Supreme Court Case No. 17SC346**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 15CA852

**Petitioner:**

James C. Mason, a/k/a Jim Mason,

v.

**Respondents:**

Farm Credit of Southern Colorado, ACA, and Farm Credit of Southern Colorado, FLCA.

**Judgment Reversed**
*en banc*
June 4, 2018

**Attorneys for Petitioner:**
James M. Croshal
    *Pueblo, Colorado*

Mullans Piersel and Reed, PC
Shannon Reed
    *Pueblo, Colorado*

**Attorneys for Respondents:**
Spencer Fane LLP
Scott C. Sandberg
John O'Brien
    *Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

¶1　In this case, we consider whether the petitioner was entitled to a jury trial under Rule 38 of the Colorado Rules of Civil Procedure.[1]  The court of appeals held that the petitioner was not entitled to a jury trial because the claims in the respondents' original complaint were primarily equitable.  Farm Credit of S. Colo., ACA v. Mason, 2017 COA 42, __ P.3d __.  In drawing this conclusion, the court of appeals ignored the claims in the respondents' amended complaint.  That was in error.  As in other contexts, for purposes of the civil jury trial right, a plaintiff's amended complaint supersedes its original complaint.  Accordingly, we hold that when a plaintiff amends its complaint and a party properly requests a jury trial, the trial court should determine whether the case may be tried to a jury based on the claims in the amended complaint, not the original complaint.  If the claims against a particular defendant in a plaintiff's amended complaint entitle that defendant to a jury trial, then "all issues of fact shall be tried by a jury," upon a proper jury demand and payment of the requisite fee.  C.R.C.P. 38.  Here, the claims against the petitioner in the respondents' amended complaint were primarily legal, as opposed to equitable, meaning the petitioner was entitled to a jury trial under Rule 38.  Therefore, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

---

[1] We granted certiorari to review the following issue:

1. [REFRAMED] Whether the court of appeals erred in considering only the claims in respondent's original complaint, ignoring its amended complaint, to determine whether petitioner, a party joined as a defendant in the amended complaint, was entitled to a jury trial under C.R.C.P. 38(a).

## I. Facts and Procedural History

¶2 Between 2008 and 2011, Zachary Mason ("Zach") farmed several properties in Otero County, Colorado. During this time, Zach executed several loan agreements with Farm Credit of Southern Colorado, ACA, and Farm Credit of Southern Colorado, FLCA (collectively, "Farm Credit"). As part of the loan agreements, Farm Credit owned a perfected security interest in some of Zach's crops, farm equipment, and other items of personal property. In May 2012, Zach defaulted on his loans. As a result, Farm Credit sued Zach for judgment on his notes, foreclosure of real property collateral, replevin of personal property collateral, conversion of insurance proceeds, civil theft, breach of contract, and fraud.

¶3 In March 2013, Farm Credit amended its complaint to add Zach's father, James Mason ("Mason"), as a defendant. Mason also farmed in Otero County, but his farming operations were separate from Zach's, and he did not cosign any of Zach's loans. In its amended complaint, Farm Credit brought claims against Mason for replevin and conversion, and it also requested an accounting. To support its replevin claim, Farm Credit alleged that Mason harvested and then sold, transferred, used, or stored crops that it held as collateral. Farm Credit sought the return of its crop collateral, plus any proceeds from the sale or use of it. To support its conversion claim, Farm Credit alleged that Mason used or disposed of crops, farm products, and machinery that Farm Credit

held as collateral without remitting the proceeds to Farm Credit. The amended complaint did not significantly change the claims against Zach.[2]

¶4    In his answer, Mason demanded a jury trial. Farm Credit moved to strike Mason's jury demand. In its motion, Farm Credit argued that the claims in a plaintiff's initial complaint are the sole determinant of a defendant's right to a jury trial under Rule 38(a) and that because the claims in Farm Credit's original complaint were primarily equitable, Mason was not entitled to a jury trial. Alternatively, Farm Credit argued that even if the court considered the claims in its amended complaint to determine whether Mason was entitled to a jury trial, the basic thrust of those claims remained equitable. Mason opposed the motion, arguing that the claims against him in Farm Credit's amended complaint were primarily legal and that those were the only claims that the court should consider to decide the jury trial question. In a brief order, the trial court granted Farm Credit's motion, adopting "the authorities, reasoning, and analysis" as stated in the motion and finding that the basic thrust of the action was equitable. Following a bench trial, the trial court found that Mason was liable for conversion of the collateral.

¶5    Mason appealed the trial court's decision to strike his request for a jury trial. The court of appeals affirmed. Mason, ¶ 1. As relevant here, the court of appeals concluded that Farm Credit's original complaint "mainly [sought] judgment on promissory notes and the foreclosure and disposition of collateral," id. at ¶ 18, meaning it was an

_____

[2] A few months after Farm Credit filed its original complaint against Zach, Zach filed for bankruptcy. As a result, the U.S. Bankruptcy Court resolved most of Farm Credit's monetary claims against Zach.

equitable action to be tried to the court. Furthermore, the court of appeals rejected Mason's argument that the trial court should have considered the claims in Farm Credit's amended complaint (when he was first added as a defendant). Id. at ¶ 19. In so doing, the court of appeals did not explicitly discuss whether claims in an original, as opposed to an amended, complaint control the right to a jury trial; instead, it simply held that Mason had no right to a jury trial because "the basic thrust of the underlying action was equitable." Id. at ¶ 20.

¶6 We granted certiorari to decide whether a trial court must consider the claims in a plaintiff's amended complaint to determine whether a party is entitled to a jury trial under Rule 38.

## II. Standard of Review

¶7 We interpret the Colorado Rules of Civil Procedure de novo. DCP Midstream, LP v. Anadarko Petroleum Corp., 2013 CO 36, ¶ 24, 303 P.3d 1187, 1193. "Rules of procedure are interpreted according to their 'commonly understood and accepted meaning.'" Garcia v. Schneider Energy Servs., Inc., 2012 CO 62, ¶ 7, 287 P.3d 112, 114 (quoting Leaffer v. Zarlengo, 44 P.3d 1072, 1078 (Colo. 2002)). We construe them liberally to effectuate their objective "to secure the just, speedy, and inexpensive determination of every action." C.R.C.P. 1.

## III. Analysis

¶8 This case requires us to decide whether trial courts must consider the claims in a plaintiff's amended complaint to determine whether a party is entitled to a jury trial under Rule 38. We conclude that they must. Our opinion proceeds in four parts.

In Part A, we provide some background on Colorado's civil jury trial right and the issues presented by this case. In Part B, we explain how Rule 15 and Rule 38 of the Colorado Rules of Civil Procedure require the result we reach here. In Part C, we review our prior holdings in this area to clarify how the rule we adopt complements and is supported by those cases. Finally, in Part D, we apply our holding to the facts in this case and conclude that based on the claims in Farm Credit's amended complaint Mason was entitled to a jury trial under Rule 38. Accordingly, we reverse the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

## A. Colorado's Civil Jury Trial Right

¶9     "In Colorado there is no constitutional right to a trial by jury in a civil action." Kaitz v. Dist. Court, 650 P.2d 553, 554 (Colo. 1982). Instead, the right to a jury trial in civil cases is derived from Rule 38(a), which provides in relevant part:

> Upon the filing of a demand and the simultaneous payment of the requisite jury fee by any party in actions wherein a trial by jury is provided by constitution or by statute, including actions for the recovery of specific real or personal property, with or without damages, or for money claimed as due on contract, or as damages for breach of contract, or for injuries to person or property, all issues of fact shall be tried by a jury.

Rule 38(b) then clarifies that to request a jury trial a party must serve a demand "after the commencement of the action but not later than 14 days after the service of the last pleading directed to such issue." Essentially, three elements must be met before a civil case may be tried to a jury: (1) a party must timely file a demand; (2) that party must pay the requisite jury fee; and (3) either the constitution or a statute must authorize a

jury trial for the type of action filed. This case concerns the third element: whether the constitution or a statute authorizes a jury trial for Farm Credit's action against Mason.

¶10 We have established two rules to help courts determine whether the Colorado constitution or statutes provide for a jury trial in a given case. First, we have interpreted Rule 38 and the former versions of that rule to provide for a jury trial only in proceedings that are legal in nature, not equitable. Kaitz, 650 P.2d at 554–55 (interpreting Rule 38); Neikirk v. Boulder Nat'l Bank, 127 P. 137, 139 (Colo. 1912) (interpreting the code of civil procedure, which predates the rules of civil procedure); Selfridge v. Leonard-Heffner Mach. Co., 117 P. 158, 159 (Colo. 1911) (same); see also Miller v. Dist. Court, 388 P.2d 763, 765 (Colo. 1964) (holding that Rule 38 "adopts without change the provisions of Rule 191 of the Code of Civil Procedure"). In general, actions for money damages are legal, whereas actions invoking the coercive powers of the court are equitable. Peterson v. McMahon, 99 P.3d 594, 598 (Colo. 2004).

¶11 Second, we have held that whether an action is legal or equitable is dictated only by the claims in a plaintiff's complaint. See Selfridge, 117 P. at 159. By contrast, the claims in a defendant's answer are irrelevant to determining the nature of a cause of action. Id. Thus, if a plaintiff pleads only legal claims, the case will be tried to a jury upon proper demand and payment of the jury fee. Id.; C.R.C.P. 38. If a plaintiff pleads only equitable claims, the case will be tried to the court. When a plaintiff's complaint presents both legal and equitable claims, the trial court must look to the overall character of the action to determine whether it is fundamentally legal or equitable. See Esselstyn v. U.S. Gold Corp., 149 P. 93, 94 (Colo. 1915) (holding that an action seeking

7

both damages for past trespasses and an injunction of future trespasses was, on the whole, equitable); see also Kaitz, 650 P.2d at 555 (holding that an action for breach of fiduciary duty was equitable in nature despite seeking compensatory and punitive damages). This analysis is known as the "basic thrust" doctrine. See First Nat'l Bank v. Theos, 794 P.2d 1055, 1059 (Colo. App. 1990).

¶12 Those two rules explain the process that trial courts should follow to determine whether a lawsuit is legal or equitable when the plaintiff's claims appear in a single complaint. See, e.g., Neikirk, 127 P. at 138. Today, however, we must decide for the first time how trial courts should treat the claims in a plaintiff's amended complaint, as compared with those in an initial complaint, when analyzing a party's entitlement to a jury trial under Rule 38. The court of appeals ignored the claims in Farm Credit's amended complaint. We conclude that that was in error. We hold that when a plaintiff amends its complaint and a party properly requests a jury trial under Rule 38, the trial court should determine whether the case may be tried to a jury based on the claims in the amended complaint. As in other contexts, for purposes of the civil jury trial right, "Once a plaintiff files an amended complaint, the original complaint is superseded." Currier v. Sutherland, 218 P.3d 709, 715 (Colo. 2009). If the claims in a plaintiff's amended complaint entitle the parties to a jury trial and at least one party makes a proper demand, then "all issues of fact shall be tried by a jury." C.R.C.P. 38(a).

## B. Colorado Rules of Civil Procedure

¶13 Our holding that trial courts must consider the claims in a plaintiff's amended complaint when determining the availability of a jury trial in a civil case effectuates the

8

goal of Rule 15 and Rule 38 to permit all parties either alleging or defending against legal claims to litigate them before a jury. Our holding also makes practical sense and avoids reading absurdity into the rules.

¶14 Read together, Rule 15 and Rule 38 support our holding in three ways. First, despite Rule 15's clear allowance for parties to amend their pleadings, Rule 38 does not distinguish between original pleadings and amended pleadings for purposes of the civil jury trial right. Specifically, Rule 15 permits plaintiffs to amend their original complaint under certain circumstances, and we have held that "[o]nce a plaintiff files an amended complaint, the original complaint is superseded." Currier, 218 P.3d at 715. Despite this, Rule 38(a) provides, simply, that "all issues of fact shall be tried by a jury" when any party to a lawsuit timely files a jury demand and the action is one "wherein a trial by jury is provided," i.e., where a plaintiff's claims against a defendant are primarily legal. Thus, Rule 38 focuses on whether an action is legal or equitable based on the claims that will ultimately go to trial; it is not concerned with claims that appear in a plaintiff's initial complaint but are later overridden by claims in an amended complaint. This reading is consistent with our holding in Currier.

¶15 Second, Rule 38 permits parties to endorse a request for a jury trial upon an amended pleading, which negates Farm Credit's argument that only the claims in a plaintiff's original complaint determine the nature of a case. Rule 38 permits parties to endorse their demand for a jury trial "upon a pleading," such as a complaint or answer or an amended complaint or answer. Rule 38 does not require the pleading to be "original." Thus, if a plaintiff amends its complaint as permitted by Rule 15 to allege

9

only legal claims, the defendant can file an answer pursuant to Rule 15 and endorse a jury trial request upon that pleading pursuant to Rule 38. In such a case, the plaintiff has the same right to request a jury trial either in its amended complaint or in a separate, timely filed demand. C.R.C.P. 38. Interpreting Rule 38 to designate the plaintiff's original complaint as the sole determinant of the nature of a case would render ineffective the clauses in Rule 15 and Rule 38 that permit parties to request a jury trial in an amended pleading. We refuse to adopt such a construction.

¶16 Third, Rule 38's timeliness requirements support our reading that the claims in a plaintiff's amended complaint determine the nature of a lawsuit. Rule 38 does not insist that parties file their requests for a jury at the <u>beginning</u> of a lawsuit. Instead, under Rule 38 a jury demand is timely if it is filed "not later than 14 days after the service of <u>the last pleading</u> directed to such issue" (emphasis added); this could refer to a plaintiff's amended complaint or a defendant's answer to an amended complaint.

¶17 Finally, the rule that a plaintiff's amended complaint controls the nature of an action for purposes of the jury trial right makes practical sense and avoids absurdity. Rule 38 provides all parties the opportunity to request a jury trial in cases that are legal in nature. Determining the nature of a case based on the most-recently-filed complaint prevents both the plaintiff and the defendant from engaging in gamesmanship and effectuates Rule 38's purpose. For example, a rule designating a plaintiff's original complaint as solely determinative of the nature of a case would allow a plaintiff to avoid a jury trial by alleging only equitable claims in an initial complaint and then later amending that complaint to contain primarily legal claims. Similarly, that rule would

10

allow a defendant to block the jury trial request of a well-intentioned plaintiff that amends its purely equitable complaint to add newly discovered legal claims. Finally, under that rule, a plaintiff could allege only legal claims in its original complaint, request a jury trial, and then amend its complaint to contain only equitable claims but nonetheless have its case tried to a jury.

¶18 The purpose of Rule 38 is to provide for a jury trial in cases where the claims going to trial are primarily legal. Only a rule designating a plaintiff's most-recently-amended complaint as determinative of the nature of a lawsuit effectuates that purpose. Therefore, upon receipt of a proper jury demand, the trial court must consider the claims in the plaintiff's most-recently-filed complaint to determine whether the case must be tried to a jury.[3]

## C. Colorado Supreme Court Precedents

¶19 Farm Credit concedes that the plain language of Rule 38 does not support its argument, but it argues that our prior cases require trial courts to consider only those claims in a plaintiff's original complaint when determining a party's entitlement to a jury trial. In addition to the division here, at least two other divisions of the court of appeals have interpreted our case law to preclude trial courts from considering the claims in a plaintiff's amended complaint when determining the basic thrust of an action. Carder v. Cash, 97 P.3d 174, 187 (Colo. App. 2003); see Am. Family Mut. Ins. Co.

---

[3] Our holding does not overrule Murray v. Dist. Court, 539 P.2d 1254 (Colo. 1975). That case addresses the extreme circumstance in which a party abuses its right to request a jury trial to disrupt a trial calendar and to obtain delay. Id. at 1255. In such a circumstance, trial courts maintain the discretion to handle their trial calendars "as they deem expedient." C.R.C.P. 40.

11

v. DeWitt, 216 P.3d 60, 63 (Colo. App. 2008), aff'd, 218 P.3d 318 (Colo. 2009). We disapprove of these characterizations of our case law. Not only have we never held that a trial court is limited to considering only those claims in a plaintiff's initial complaint, but we have also considered the claims in a plaintiff's amended complaint when conducting our own analysis of a defendant's right to a jury trial. See Plains Iron Works Co. v. Haggott, 210 P. 696, 697 (Colo. 1922). We review our cases in this area to clarify our prior holdings.

¶20 We first articulated the rule that the plaintiff's complaint dictates the nature of a lawsuit for purposes of the jury trial right in Selfridge. We held that the defendant was not entitled to a jury trial because the plaintiff's action to foreclose a mechanic's lien on a mill site was equitable, and the fact that the defendant sought legal damages in a counterclaim[4] did not change "the cause of action as set forth in, and determined by, the complaint." Selfridge, 117 P. at 159. Since then, we have applied the Selfridge rule consistently to exclude claims brought by defendants from our jury trial right analysis. See Miller, 388 P.2d at 765–66 (ignoring the claims in the defendant's counterclaim); Tiger Placers Co. v. Fisher, 54 P.2d 891, 892 (Colo. 1936) (same, but the counterclaim was titled "cross-complaint"); Neikirk, 127 P. at 139 (same). In each of these cases, we emphasized that only claims brought by plaintiffs affect the status of a case as legal or equitable for purposes of the civil jury trial right.

---

[4] In Selfridge, the defendant's claim against the sole plaintiff was titled a "cross-complaint." 117 P. at 159.

12

¶21 Notably, we have analyzed the availability of a jury trial in only two cases involving amended complaints. In Plains Iron Works, we concluded that the defendants were not entitled to a jury trial because the underlying case was a lawsuit for specific performance, which is an equitable action. 210 P. at 697. In so holding, we considered in part "the allegations of the amended complaint." Id. In DeWitt, we were tasked with determining whether the plaintiff's amended complaint, which alleged two negligence claims, sought legal or equitable remedies. Am. Family Mut. Ins. Co. v. DeWitt, 218 P.3d 318, 324 (Colo. 2009). However, the plaintiff "did not specify the type of damages sought in [its] Amended Complaint"; it alleged negligence without requesting any specific relief. Id. Rather than hold that we could not or need not consider the claims in the amended complaint, we inferred the remedies available to the plaintiff based on its status as a subrogee, a party limited to those claims and remedies available to the subrogor. Id. We concluded that had the subrogor brought the lawsuit independently he "would have sought monetary damages intended to compensate him for his injuries." Id. Accordingly, we held that the plaintiff was limited to seeking compensatory damages and, therefore, asserted legal claims in its amended complaint. Id. Thus, in the only jury trial right cases involving amended complaints that we have reviewed, we considered the claims pleaded in the amended complaints rather than ignoring those claims.

¶22 Farm Credit's argument that trial courts must ignore the claims in a plaintiff's amended complaint when conducting a jury trial right analysis stems from its misunderstanding of our holdings in Tiger Placers, 54 P.2d at 892, Johnson v. Neel, 229

13

P.2d 939, 945 (Colo. 1951), and <u>Miller</u>, 388 P.2d at 766. The divisions of the court of appeals that have adopted the rule Farm Credit proposes misconstrued these cases as well. <u>See</u> <u>Carder</u>, 97 P.3d at 187; <u>DeWitt</u>, 216 P.3d at 63. Neither <u>Tiger Placers</u> nor <u>Johnson</u> nor <u>Miller</u> suggests that trial courts must ignore the claims in a plaintiff's amended complaint when conducting a jury trial right analysis, and we disapprove of any cases holding that they do.

¶23    In <u>Tiger Placers</u>, which involved an equitable lawsuit met by a counterclaim for damages, we applied the <u>Selfridge</u> rule and held that while the counterclaim "presented issues determinable at law, the complaint fixed the nature of the suit and by what arm of the court it should be tried." 54 P.2d at 892. <u>Johnson</u> added the word "original" to the <u>Tiger Placers</u> rule. 229 P.2d at 945 ("[I]n <u>Tiger Placers</u>, [we] recognized the rule that the original complaint filed in an action fixes 'the nature of the suit.'"). After <u>Johnson</u>, this "original complaint" language became a fixture in the articulation of the <u>Selfridge</u> rule both by this court and, more often, by the court of appeals. <u>See, e.g.</u>, <u>Miller</u>, 388 P.2d at 765–66; <u>DeWitt</u>, 216 P.3d at 63; <u>Carder</u>, 97 P.3d at 187; <u>Citicorp Acceptance Co. v. Sittner</u>, 772 P.2d 655, 656 (Colo. App. 1989); <u>In re Tr. of Malone</u>, 658 P.2d 284, 286 (Colo. App. 1982). However, <u>Johnson</u> does not stand for the principle that trial courts must consider only those claims in a plaintiff's <u>original</u> complaint—as distinct from its <u>amended</u> complaint—when conducting a jury trial right analysis. Instead, <u>Johnson</u> merely reinforces the basic <u>Selfridge</u> rule that a court should not consider the defendant's counterclaims when determining the availability of a jury trial. <u>See</u> <u>Johnson</u>, 229 P.2d at 943–45. First, <u>Johnson</u> was about a party's waiver of its right to a

14

jury trial, not its entitlement to a jury trial. Id. Second, we decided Johnson on equitable estoppel grounds, and we expressly declined to apply the rule from Tiger Placers. Id. at 945. Third, and most importantly, Johnson did not use the phrase "original complaint" to distinguish between a plaintiff's initial complaint and a later amended complaint because it did not involve an amended complaint at all. See id. at 940–41.

¶24    Finally, Miller quoted the "original complaint" language from Johnson, but Miller reinforces only that the plaintiff's claims, not the defendant's, determine the nature of an action for purposes of the jury trial right. 388 P.2d at 765–66. In that case, we applied the Selfridge rule to hold that the defendants were not entitled to a jury trial under Rule 38 because the plaintiff's complaint for foreclosure sounded in equity, and the defendants' counterclaim for breach of contract did not change that. Id. at 764–65. And, like Johnson, Miller did not involve an amended complaint. See id. at 764.

¶25    Thus, none of our cases should be read to support a rule that limits trial courts to considering only the claims in a plaintiff's initial complaint to determine the basic thrust of a plaintiff's cause of action, and we disapprove of the court of appeals cases that construe them that way. Instead, our cases support our holding that upon receipt of a proper jury demand under Rule 38 a trial court must consider the claims in the plaintiff's most-recently-filed complaint to determine whether the case must be tried to a jury. See Plains Iron Works, 210 P. at 697.

15

## D. Application to Farm Credit's Amended Complaint

¶26 After examining Farm Credit's amended complaint, we conclude that the basic thrust of Farm Credit's action against Mason was legal, meaning Mason was entitled to a jury trial.

¶27 There are two methods to determine whether an action is legal or equitable. Peterson, 99 P.3d at 597. Under the first method, courts examine the nature of the remedy sought: "Actions seeking monetary damages are considered legal while actions seeking to invoke the coercive power of the court, such as those seeking injunctions or specific performance, are deemed equitable." Id. Under the second method, courts look to the historical nature of the right that a plaintiff is seeking to enforce. Id. at 597–98. If the plaintiff is seeking to enforce a right historically decided by equity courts, the claim is equitable. Id. If the right was historically enforced by a court of law, the claim is legal. See id. at 598. "[W]e have generally preferred using the remedial method in deciding whether a claim is legal or equitable." Id. However, both methods support our conclusion that Farm Credit's amended complaint was primarily legal.

¶28 Farm Credit's amended complaint brought claims against Mason for conversion, replevin, and an accounting. We examine each claim in turn.

¶29 First, "[c]onversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." Byron v. York Inv. Co., 296 P.2d 742, 745 (Colo. 1956). Actions for conversion often, if not always, seek money damages equivalent to the value of the personal property that was converted. See Md. Cas. Co. v. Messina, 874 P.2d 1058, 1065 (Colo. 1994) (acknowledging that in a

16

successful claim for conversion, the defendant "may justly be required to pay the other the full value of the chattel"). As a result, claims for conversion have been considered actions at law requiring a trial by jury upon demand. See, e.g., Montgomery v. Tufford, 437 P.2d 36, 37 (Colo. 1968) (reviewing a conversion claim that was tried before a jury). Farm Credit's conversion claim against Mason is likewise legal, and Farm Credit does not dispute that. Farm Credit alleged that Mason used or disposed of harvested crops, growing crops, livestock, unmanufactured farm products, and farm machinery belonging to Farm Credit. This claim necessarily seeks money damages to replace the converted collateral. Therefore, it is a legal claim.

¶30 Second, Farm Credit's claim for replevin is also a cause of action at law. Replevin is, and historically has been, "a possessory action in which a claimant seeks to recover both possession of personal property that has been wrongfully taken or detained and damages for its unlawful detention." In re Marriage of Allen, 724 P.2d 651, 656 (Colo. 1986); compare Code of Civil Procedure, ch. 5, § 86 (1908), with C.R.C.P. 104 (each defining replevin in substantially the same way). The civil jury trial right in Colorado has applied to such actions almost since its inception. Compare Code of Civil Procedure, ch. 12, § 190 (1908), with C.R.C.P. 38 (both providing for trial by jury in "actions for the recovery of specific real or personal property, with or without damages"). As a result, Colorado courts have permitted actions in replevin to be tried before a jury. See, e.g., Israel v. Day, 68 P. 122, 124 (Colo. App. 1902) (reviewing on appeal a replevin action tried to a jury). Thus, tracing its historical roots, replevin is an action at law.

17

¶31     Additionally, Farm Credit's claim for replevin against Mason sought a legal remedy. Farm Credit's replevin claim alleged that Mason harvested certain crops belonging to Farm Credit and then sold, transferred, used, or stored the crops. Farm Credit sought any proceeds from the sale of the crops, including any livestock that consumed them. Farm Credit argues that, as a secured creditor, its replevin claim against Mason was in the nature of a foreclosure and must be considered equitable under Western National Bank of Casper v. ABC Drilling Co., 599 P.2d 942 (Colo. App. 1979). In Western National, a creditor sought to replevy an oil rig from a debtor in default pursuant to section 4-9-503(1), C.R.S. (1973) (currently located at § 4-9-609, C.R.S. (2017)). 599 P.2d at 946–47. The court of appeals held that the debtor was not entitled to a jury trial because, although Rule 38 applies in actions for the recovery of personal property, "the rule is not intended to extend to actions involving the repossession of collateral by a secured party." Id. at 947. Crucially, the court of appeals noted that section 4-9-503(1) permitted the secured party to take possession of collateral upon the debtor's default "without judicial process." Id. Because of that language and the defendant's status as a debtor to the plaintiff, the court of appeals held that "the secured party's remedy [was] in the nature of a foreclosure, an equitable action which is to be tried to the court." Id. That is not the case here. Mason is not a debtor of Farm Credit, so Farm Credit's replevin claim against him was not in the nature of a foreclosure; it was instead an ordinary replevin claim triable to a jury. See Citicorp, 772 P.2d at 656 (holding that a replevin claim by a secured creditor to collect proceeds of collateral from a third party non-debtor was legal, not equitable).

18

¶32    Finally, the parties agree that Farm Credit's claim against Mason for an accounting was an equitable claim. See Peterson, 99 P.3d at 599 (acknowledging that a claim requesting an accounting is equitable). Nonetheless, the basic thrust of Farm Credit's action against Mason is legal because its legal claims for replevin and conversion are more substantive and more numerous than its equitable claim for an accounting. Accordingly, Mason was entitled to a jury trial.

## IV. Conclusion

¶33    For the foregoing reasons, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.