David H. CURRIER and Heather
S. Schultz, Petitioners

v.

Michael SUTHERLAND, Special Adminis-
trator of the Estate of Eloy Lopez; Es-
tate of Eloy Lopez; and State Farm
Mutual Automobile Insurance Company,
Respondents.

No. 08SC587.

Supreme Court of Colorado,
En Banc.

Oct. 19, 2009.

Andrew Rosen Boulder, Colorado, Attorney for Petitioners.

Bayer & Carey, P.C., Gary L. Palumbo, Peter M. Spiessbach, Denver, Colorado, Attorneys for Respondent Michael Sutherland.

Levy, Morse & Wheeler, P.C., Marc R. Levy, Englewood, Colorado, Attorneys for State Farm Mutual Automobile Insurance Company.

Kennedy Childs & Fogg, P.C., John Mann, Matthew M. Linton, Denver, Colorado, Attorneys for Amicus Curiae Colorado Defense Lawyers Association.

Justice RICE delivered the Opinion of the Court.

This case involves invocation of the remedial revival statute, section 13–80–111(1), C.R.S. (2009), in a case where a complaint was timely filed against a deceased, non-existent defendant and was later amended to name the estate of the deceased and the special administrator of that estate as defendants. We granted certiorari to review the court of appeals' decision in *Currier v. Sutherland*, 215 P.3d 1155 (Colo.App.2008), in order to determine whether the statute can be used in such a case to revive a timely claim improperly filed against a non-existent defendant when the proper defendants were not added until after the statute of limitations ran. We hold that it cannot because the trial court retained subject matter jurisdiction over the case despite the initially improper defendant, and the untimely amended complaints do not relate back to the timely filed complaint. The trial court therefore properly dismissed the case on statute of limitations grounds, and the judgment below is affirmed.

## I. Facts & Procedural History

Petitioners David H. Currier and Heather S. Schultz were involved in a motor vehicle/bicycle collision with Eloy Lopez on August 15, 2002. Currier and Schultz filed a personal injury complaint in trial court on August 11, 2005, four days before the three-year statute of limitations [1] for their claims expired, naming Lopez as the sole defendant. Unbeknownst to Currier and Schultz, Lopez had died on January 17, 2005. Currier and Schultz did not learn about Lopez's death until November 18, 2005, when they were unable to serve process on him. At that point, they also learned that no estate had been opened for him. Currier and Schultz had an estate ("the Estate") opened for Lo-

pez on December 29, 2005. They then filed an amended complaint on March 6, 2006, naming the Estate as the defendant. On May 22, 2006, Currier and Schultz filed a second amended complaint, adding Michael Sutherland, the special administrator of the Estate, as an additional defendant. The Estate moved for summary judgment, alleging that the claims were barred by the three-year statute of limitations.

The trial court dismissed the case, concluding that the claims were barred by the statute of limitations. Currier and Schultz agreed that the case should be dismissed, but wanted the court to dismiss on jurisdictional grounds rather than based on the statute of limitations, so that they could re-file the action pursuant to the remedial revival statute, section 13–80–111(1).[2] The trial court rejected that argument and based its dismissal on the running of the statute of limitations.[3]

Currier and Schultz appealed, contending that the trial court should have dismissed the case on jurisdictional grounds. The court of appeals disagreed, holding that a deceased defendant lacks the capacity to be sued, and that such a lack of capacity does not divest a trial court of subject matter jurisdiction over an action against that defendant. The court of appeals therefore affirmed the trial court's dismissal based on the expiration of the statute of limitations.

## II. Analysis

The result in this case turns first on whether the trial court had jurisdiction over the claims brought against Lopez, the deceased defendant. If the trial court retained jurisdiction throughout the proceedings, the case was properly dismissed based on the expiration of the statute of limitations, and Currier and Schultz cannot use the remedial

---

1. Section 13–80–101(1)(n)(I), C.R.S. (2009) imposes a three-year statute of limitations on "[a]ll tort actions for bodily injury or property damage arising out of the use or operation of a motor vehicle...."

2. The remedial revival statute provides, in relevant part:

    If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper ven-

ue, the plaintiff ... may commence a new action upon the same cause of action within ninety days after the termination of the original action....

§ 13–80–111(1).

3. Despite the trial court's ruling, Currier and Schultz filed another action against Sutherland within ninety days of dismissal of the first action in order to satisfy the remedial revival statute.

revival statute to pursue claims against Lopez's estate. If, on the other hand, the trial court had no jurisdiction over the claims against Lopez, the case should have been dismissed for lack of jurisdiction, and the remedial revival statute can be invoked.

The second phase of our analysis requires us to determine whether the amended complaints relate back to the original complaint. If they do, they can be considered timely filed; if they do not, the claims are barred by the statute of limitations.

We conclude first that the trial court retained both subject matter jurisdiction over the claims and personal jurisdiction over the defendants throughout the proceedings. The remedial revival statute therefore cannot be used to revive the claims. Secondly, we hold that the amended complaints do not relate back to the original complaint because the newly added defendants were not on notice of the claims. As a result, the claims are barred by the statute of limitations, and the judgment below is affirmed.

## A. Jurisdiction

The remedial revival statute reads, in relevant part,

> If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff ... may commence a new action upon the same cause of action within ninety days after the termination of the original action....

§ 13–80–111(1).

The court of appeals, in analyzing whether the remedial revival statute could be applied in this case, focused on whether or not the trial court had *subject matter jurisdiction* to hear the case and did not address whether the trial court had *personal jurisdiction* over the deceased defendant. Because the statute at issue provides "lack of jurisdiction" as grounds for its application, we must analyze each type of jurisdiction—subject matter and personal—in order to determine whether the statute applies. Upon performing this analysis, we conclude that the trial court had

subject matter jurisdiction to hear the case and that any defect in personal jurisdiction over the deceased defendant was cured by the amended complaints, and therefore the trial court properly refused to dismiss based upon lack of jurisdiction in order to allow the remedial revival statute to apply.[4]

### 1. Subject Matter Jurisdiction

�no This court has never addressed whether a court has jurisdiction over claims against a deceased defendant. "Subject matter jurisdiction involves the 'court's authority to deal with the class of cases in which it renders judgment.'" *Bd. of County Comm'rs v. Collard*, 827 P.2d 546, 551 (Colo. 1992) (quoting *Monaghan Farms v. City & County of Denver*, 807 P.2d 9, 18 (Colo. 1991)). Trial courts in Colorado are courts of general jurisdiction, and they "have original jurisdiction in all civil ... cases." Colo. Const. art. VI, § 9(1). A trial court's "unrestricted and sweeping jurisdictional powers" are only limited by "a statute or constitutional provision which specifically designates a forum or spells out standards for decision." *Matter of A.W.*, 637 P.2d 366, 373 (Colo. 1981).

▉▉ Distinct from the issue of a court's subject matter jurisdiction over a case is a party's capacity to sue or be sued. The difference between the two has been described in the following way:

> Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest or is the real party in interest. Generally, capacity has been conceived of as a procedural issue dealing with the personal qualifications of a party to litigate and typically is determined without regard to the particular claim or defense being asserted.

6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1559 (2d ed.1990). This court has long recognized that a party's lack of capacity has no effect on a court's subject matter jurisdiction. *See,*

---

4. The statute also applies when a case is dismissed for improper venue. That venue was proper in this case has never been questioned, and we will not address venue in this opinion.

e.g., *Funk v. Funk*, 76 Colo. 45, 46–47, 230 P. 611, 612 (1924) ("The court had power to try and determine the case, and had jurisdiction of the persons by appearance and service, and plaintiff surely had stated a cause of action for contribution; the only thing lacking was plaintiff's capacity to sue.").

There has historically been a national split of authority regarding whether a party's lack of capacity affects the court's subject matter jurisdiction, but the recent trend has been to distinguish capacity from subject matter jurisdiction. *See* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1559 (2d ed. 1990) ("Some early decisions suggested that a defect in capacity deprives the court of subject matter jurisdiction, since a real case or controversy does not exist when one of the parties is incapable of suing or being sued, although more recent authority has rejected that characterization.").

This split of authority is evident even within our own court of appeals' decisions on the issue. *Compare Jenkins v. Estate of Thomas*, 800 P.2d 1358 (Colo.App.1990), *and Defelice v. Johnson*, 931 P.2d 548 (Colo.App.1996)(holding that a court lacks jurisdiction to proceed where the defendant has died, no personal representative has been assigned, and no estate has been created), *with Ashton Props. Ltd. v. Overton*, 107 P.3d 1014 (Colo.App.2004), *and SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563 (Colo.App.2005)(holding that, while a non-existent party lacks the capacity to sue or be sued, a defendant's non-existence does not affect a court's subject matter jurisdiction over a case).

In holding that a trial court lacks subject matter jurisdiction over a claim brought against a deceased defendant, the *Jenkins* court relied on the principle that, "[t]o be a true party, [a] person must be competent to sue, have the right to control the proceedings, to defend, to adduce and cross-examine witnesses, and to appeal in his own right." *Jenkins*, 800 P.2d at 1359 (quoting *People in Interest of R.D.S.*, 183 Colo. 89, 91, 514 P.2d 772, 773 (1973)). The court reasoned that, because the defendant was deceased, "there was no legal entity named as a party defen-

dant," and therefore, "since there was no controversy between legal entities, there was no subject matter to be litigated, and the court was without jurisdiction to proceed." *Jenkins*, 800 P.2d at 1359.

This analysis ignores the important distinction between subject matter jurisdiction and capacity. The *Jenkins* court is not alone in its confusion of these issues. Another division of the court of appeals applied the same analysis in *Defelice*, reasoning that, "because there was no legal entity capable of being sued, the filing of the complaint did not vest the trial court with jurisdiction as to [the defendant's] estate." 931 P.2d at 550.

While we have never explicitly spoken on the issue, we are in agreement with those jurisdictions that have clearly distinguished between subject matter jurisdiction and capacity, including the court of appeals' decisions in *Ashton* and *SMLL. See also Md. People's Counsel v. Fed. Energy Regulatory Comm'n*, 760 F.2d 318, 319 (D.C.Cir.1985) ("We have concluded ... that the question of [the plaintiff's capacity to sue] does not go to our jurisdiction."); *Summers v. Interstate Tractor and Equip.*, 466 F.2d 42, 50 (9th Cir.1972) ("The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court."); *Brown v. Keller*, 274 F.2d 779, 780 (6th Cir.1960)("This is not strictly a question of jurisdiction, but lack of capacity on the part of the plaintiffs to sue is a bar to the action."); *Vorhees v. Baltazar*, 283 Kan. 389, 153 P.3d 1227, 1232 (2007)("[T]he purported threshold issue of jurisdiction is a red herring. The relevant threshold issue is instead one of *capacity* to be sued...."); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex.2005) (noting the difference between standing, which involves a court's subject matter jurisdiction, and capacity, which does not). Because subject matter jurisdiction involves a court's power to hear a particular type of case or grant a specific type of relief, *see Trans Shuttle, Inc. v. Public Utilities Commission*, 58 P.3d 47, 49–50 (Colo.2002), we hold that a deceased defendant's lack of capacity to be sued does not divest a court of subject matter jurisdiction over the case.

In reaching this conclusion, we note an important procedural distinction between subject matter jurisdiction and capacity. Because a lack of subject matter jurisdiction means that a court has no power to hear a case or enter a judgment, it is an issue that may be raised at any time, even after a verdict has been entered. *See* C.R.C.P. 12(h)(3); *see also Triebelhorn v. Turzanski*, 149 Colo. 558, 561, 370 P.2d 757, 759 (1962). In contrast, when one party wishes to contest the capacity of another, the issue must be raised "by specific negative averment" in the pleadings. C.R.C.P. 9(a)(1). This distinction has been noted by commentators as an important difference between subject matter jurisdiction and capacity:

> [I]t is difficult to reconcile the conception of capacity as a jurisdictional matter with the Rule 9(a) requirement that capacity be put into issue by specific negative averment, which indicates the draftsmen's intention that the issue be excluded from the case unless expressly raised by a party at the pleading stage. This is in sharp contrast to the strong and clearly expressed policy against the waiver of subject matter jurisdiction defects.

6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1559 (2d ed.1990). This procedural difference strengthens our conclusion that subject matter jurisdiction and capacity are separate and distinct legal issues.

We therefore hold that a party's lack of capacity to sue or be sued has no bearing upon a court's subject matter jurisdiction over the case.[5] As a result, the trial court in this case properly refused to dismiss the case based upon lack of subject matter jurisdiction.

### 2. Personal Jurisdiction

Having established that the trial court properly refused to dismiss the case based on a lack of subject matter jurisdiction, we next turn to whether the case should have been dismissed for lack of personal jurisdiction over the deceased defendant and the estate created on his behalf. The court of appeals did not analyze this issue, concluding that it need only determine whether the trial court had subject matter jurisdiction over the case to hold that the remedial revival statute was inapplicable. However, because the statute uses the generic term "jurisdiction," without specifying whether it is referring to subject matter or personal jurisdiction, it is necessary for us to analyze both.[6] We conclude that the trial court properly exercised personal jurisdiction over the Estate and Sutherland after the plaintiffs amended their complaint, naming them as the defendants.

In contrast to subject matter jurisdiction, which is a question of a court's power to hear a particular type of case, personal jurisdiction involves a court's authority over a particular individual. *See Gilford v. People*, 2 P.3d 120, 126 (Colo.2000). In addition, unlike a lack of subject matter jurisdiction, the defense of a lack of personal jurisdiction over the defendant is waived if not raised in the pleadings. C.R.C.P. 12(h)(1).

In this case, the trial court initially lacked personal jurisdiction over Lopez. A court cannot exercise personal jurisdiction over a deceased person. The exercise of personal jurisdiction over a defendant is proper "if fair and adequate notice is provided to the defendant, and if the defendant has

---

5. We note also that, were we to hold that the trial court lacked subject matter jurisdiction over the action, we would apply the nullity theory. Under that theory, a complaint filed by or against a non-existent party is void ab initio. *See Black Canyon Citizens Coal., Inc. v. Bd. of County Comm'rs*, 80 P.3d 932, 935 (Colo.App.2003). Applying that theory to this case would render the original complaint, filed before the statute of limitations ran, void. The subsequent amendments to the complaint, filed after the statute of limitations ran, would then be invalid because, rather than amending a timely filed complaint, they would be considered newly filed complaints.

*See, e.g., Thompson v. Peck*, 320 Pa. 27, 181 A. 597, 598 (1935)("There can be no amendment where there is nothing to amend."). Consequently, the remedial revival statute could not be invoked, and Currier and Schultz would be in the same position they are in as a result of our holding in this case.

6. Black's Law Dictionary defines "jurisdiction" as, "[a] court's power to decide a case or issue a decree." Black's Law Dictionary 855 (7th ed.1999).

sufficient minimum contacts with the state seeking jurisdiction." *Stone's Farm Supply, Inc. v. Deacon,* 805 P.2d 1109, 1113 (Colo.1991)(citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Fair and adequate notice cannot be given to a deceased defendant.[7] As a result, the trial court initially lacked personal jurisdiction over Lopez.

■ However, our analysis does not stop there. Currier and Schultz amended their complaint, naming the Estate as the defendant. They subsequently amended their complaint again to add Sutherland as an additional defendant. A party is entitled to "amend his pleading once as a matter of course at any time before a responsive pleading is filed...." C.R.C.P. 15(a); *see also Renner v. Chilton,* 142 Colo. 454, 456, 351 P.2d 277, 278 (1960) ("The language of the rule ... expressly allows one amendment as a matter of right before the answer or reply is filed.... No exceptions are provided."). Once a plaintiff files an amended complaint, the original complaint is superseded, and the defendant must answer the amended complaint. *Kalish v. Brice,* 130 Colo. 220, 223, 274 P.2d 600, 602 (1954).

Because Currier and Schultz amended their complaint to name the Estate as a defendant before any answer had been filed in the case, the amendment was proper and the amended complaint replaced the original complaint. This cured the defect in personal jurisdiction contained in the original complaint.[8] The trial court therefore had personal jurisdiction over the newly named defendant in the case,[9] and there would have been no reason for the court to dismiss the case based on lack of personal jurisdiction.[10]

Because the trial court had both subject matter jurisdiction over the case and personal jurisdiction over the defendants named in the two amended complaints, the trial court properly refused to dismiss the case on jurisdictional grounds, and the remedial revival statute does not apply.

## B. Timely Filed Complaint

■ The original complaint, naming Lopez as the sole defendant, was filed four days before the statute of limitations ran. The first amended complaint, naming the Estate as the defendant, was filed almost seven months after the statute of limitation ran. The second amended complaint, naming Sutherland as an additional defendant, was filed more than nine months after the statute of limitations ran. Because the two amended complaints were filed after the statute of limitations for the claims had expired, they can only be considered "timely filed" if they relate back to the original complaint. We hold that the amended complaints do not relate back. The claims were therefore not timely filed, and the trial court properly dismissed the case on statute of limitations grounds.

■ When an amendment to a complaint changes the defendant named in the complaint, the amended complaint relates back to the original complaint when, within the original statute of limitations for the claim, the defendant:

(1) [h]as received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

---

7. Currier and Shultz only discovered Lopez's death when they were unable to effectuate service upon him.

8. Currier and Schultz do not contend that the trial court lacked personal jurisdiction over the Estate, so we do not analyze the issue beyond our conclusion that the court did have personal jurisdiction.

9. Similarly, the trial court had personal jurisdiction over Sutherland when he was named as an

additional defendant in the second amended complaint.

10. We also note that lack of personal jurisdiction is a defense that is waived if not raised in the pleadings. C.R.C.P. 12(h)(1); *see also Clinic Masters, Inc. v. Dist. Court,* 192 Colo. 120, 123, 556 P.2d 473, 475 (1976). The Estate failed to raise the issue of personal jurisdiction at the pleadings stage, and it therefore would have been error for the trial court to dismiss the case on that basis at the summary judgment stage.

C.R.C.P. 15(c); *see also Brown v. Teitelbaum*, 830 P.2d 1081, 1084 (Colo.App.1991) ("An amendment changing the party against whom a claim is asserted relates back to the date of the original pleading only if all the conditions of C.R.C.P. 15(c) are satisfied."). When an amended complaint satisfies the requirements for relation back, it is as though the amended complaint were filed on the date that the original complaint was filed. *See Dillingham v. Greeley Pub. Co.*, 701 P.2d 27, 32 (Colo.1985).

The notice requirements of C.R.C.P. 15(c) are not met in this case. The defendants named in the two amended complaints—the Estate and Sutherland—had no way of knowing that this suit would be brought against them until they were named as defendants, well after the original statute of limitations had run. The Estate did not exist at the time the statute of limitations ran, and Sutherland had not been named special administrator of the non-existent estate. As a result, neither new defendant received notice such that its defense on the merits would not be impaired by allowing the amended complaints to relate back.

Because the amended complaints, filed long after the statute of limitations had expired, do not relate back to the original complaint, they cannot be considered timely filed. The trial court therefore correctly held that Currier and Schultz's claims were barred by the statute of limitations.

### III. Conclusion

Having concluded that the remedial revival statute does not apply in this case because the case was not and could not have been dismissed for lack of jurisdiction, and that the amended complaints do not relate back to the original, timely filed complaint, we hold that the trial court correctly dismissed the case on statute of limitations grounds. The judgment below is affirmed.

Justice EID concurs in part and concurs in the judgment in part, and Justice MARTINEZ and Justice COATS join in the opinion of Justice EID concurring in part and concurring in the judgment in part.

Justice EID, concurring in part and concurring in the judgment in part.

I agree with the majority that the plaintiffs in this case cannot take advantage of section 13–80–111(1)'s 90–day period in which to refile an action dismissed "because of lack of jurisdiction or improper venue." § 13–80–111(1), C.R.S. (2009). Unlike the majority, however, I would interpret the term "jurisdiction" in section 13–80–111(1) as referencing only subject matter jurisdiction, not personal jurisdiction. In my view, because the trial court had subject matter jurisdiction over plaintiffs' suit against the deceased defendant, maj. op. at 714, the suit was not dismissed for lack of "jurisdiction" under section 13–80–111(1), and therefore the plaintiffs are not able to take advantage of the provision's 90–day refiling period. Accordingly, I join Part II.A.1 of the majority opinion, and concur in the judgment only as to the remainder of the opinion.

The majority correctly concludes that, when a plaintiff sues a deceased defendant, the trial court has subject matter jurisdiction over the action, but not personal jurisdiction over the defendant. Maj. op. at 714 (a person's lack of capacity to be sued "has no bearing upon a court's subject matter jurisdiction over the case"); *id.* ("A court cannot exercise personal jurisdiction over a deceased person."). The majority goes wrong, in my view, when it interprets the term "jurisdiction" in section 13–80–111(1) to include both personal and subject matter jurisdiction. *Id.*

When read in isolation, the term "jurisdiction" could be read, as the majority does, to refer to subject matter or personal jurisdiction. *Id.* (noting that the statute employs the "generic term 'jurisdiction'"). Yet the term "jurisdiction" in section 13–80–111(1) is not used in isolation. The statute's 90–day refiling period applies when only "an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction *or improper venue ....*" § 13–80–111(1) (emphasis added). The mention of improper venue refers to an action that has been dismissed on the ground that it was filed in the wrong court. *See, e.g., Bd. of County Comm'rs v. Dist. Court*, 632 P.2d

1017, 1020 (Colo.1981) (noting that "jurisdiction is divested" from a court once a proper motion regarding improper venue is filed there). Similarly, a dismissal for lack of subject matter jurisdiction is based on the fact that the action was filed in the wrong court. *See* maj. op. at 712. By contrast, an action dismissed for lack of personal jurisdiction is a dismissal on the ground that the court lacks "authority over a particular individual." *Id.* at 714. Under the canon of construction noscitur a sociis, "a word is known by the company it keeps." *Babbitt v. Sweet Home Chapter of Communities for a Great Or.,* 515 U.S. 687, 694, 115 S.Ct. 2407, 132 L.Ed.2d 597 (1995); *see also Bedford v. Johnson,* 102 Colo. 203, 208, 78 P.2d 373, 376 (1938) (defining noscitur a sociis as "the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it" (citation omitted) ). Here, the legislature's use of the term "jurisdiction" in conjunction with term "improper venue" suggests that the statute applies to cases filed in the wrong court, not to those (such as this one) filed against the wrong person. Indeed, the legislature has paired the term "jurisdiction" with the term "venue" elsewhere in the Colorado Revised Statutes to refer only to subject matter jurisdiction. *See* § 6–4–109, C.R.S. (2009) (entitled "Jurisdiction—venue," and providing that "[p]rimary jurisdiction of any cause of action brought pursuant to [the Colorado Antitrust Act of 1992] shall be vested in the district courts of this state" and "may be brought in any judicial district in which said violation occurred").

Importantly, my disagreement with the majority amounts to more than a mere quibble over statutory interpretation. Under the majority's interpretation of the statute, had the plaintiffs in this case moved for a voluntary dismissal of the case based on lack of personal jurisdiction, and had the trial court dismissed the case at that point, the dismissal would have been one for lack of "jurisdiction" (that is, lack of personal jurisdiction), and the plaintiffs could have taken advantage of the provision's 90–day refiling period. *See* maj. op. at 714 (noting that "the trial court initially lacked personal jurisdiction over [the defendant]"). The plaintiffs' mistake, then, was to amend their original complaint to add the proper defendants, rather than dismissing and refiling the action to name the proper defendants. By amending the complaint to add the new defendants, the majority reasons, plaintiffs cured their personal jurisdiction problem, and there was no reason to dismiss the case for lack of personal jurisdiction. *Id.* at 715. The amendments did not relate back to the filing of the original complaint, however, because the new defendants lacked notice, and the case was properly dismissed on statute of limitations grounds. *Id.* at 715–16.

In my view, a plaintiff's ability to take advantage of section 13–80–111(1)'s 90–day refiling period should not depend upon the fortuity of whether she seeks a voluntary dismissal and refiles her complaint, or amends an existing complaint. Nor should a defendant's ability to raise a successful statute of limitations defense be dependent on the plaintiff's decision to cure a personal jurisdiction defect through dismissal rather than amendment. This problem arises only because the majority interprets—erroneously, in my view—the term "jurisdiction" to include subject matter and personal jurisdiction. Under the interpretation of the statute that I propose, because the trial court's dismissal was not based on lack of subject matter jurisdiction, plaintiffs could not take advantage of the 90–day refiling period. Accordingly, I would affirm the court of appeals, but on a rationale that differs from that adopted by the majority.

Therefore, I respectfully concur in part and concur in the judgment in part.

I am authorized to state that Justice MARTINEZ and Justice COATS join in this opinion concurring in part and concurring in the judgment in part.