MOORE, Judge,
concurring in the result.
Courts throughout this country universally recognize that a deceased person lacks the capacity to be sued, but the courts are split on whether a complaint naming a deceased person as the sole defendant is a legal nullity that fails to invoke the subject-matter jurisdiction of the court. See Currier v. Sutherland, 218 P.3d 709, 713 (Colo.2009) (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1559 (2d ed.1990)). Older cases have taken the position that “a defect in capacity deprives the court of subject-matter jurisdiction, since a real case or controversy does not exist when one of the parties is incapable of suing or being sued.” 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1559 (3d ed.2010) (footnotes omitted). However, more modern decisions have reasoned that a lack of capacity to be sued does not affect subject-matter jurisdiction, which concerns solely the power of a court to decide a case. See, e.g., Currier, 218 P.3d at 713 (citing Maryland People’s Counsel v. Federal Energy Regulatory Comm’n, 760 F.2d 318, 319 (D.C.Cir.1985); Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 50 (9th Cir.1972); Brown v. Keller, 274 F.2d 779, 780 (6th Cir.1960); Vorhees v. Baltazar, 283 Kan. 389, 153 P.3d 1227, 1232 (2007); and Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848-49 (Tex.2005)); see also Trimble v. Engelking, 130 Idaho 300, 302-03, 939 P.2d 1379, 1381-82 (1997) (treating legal-nullity rule as remnant of antiquated strict-pleading requirements and refusing to adopt it). The latter cases hold that the naming of a deceased defendant is a defect that can be cured by substitution of the real party in interest.
No Alabama appellate court has addressed the effect of a complaint filed solely against a deceased person. Our supreme court has held that a complaint filed by a person who lacks standing to sue fails to invoke the subject-matter jurisdiction of the trial court and that the complaint cannot be amended to substitute an appropriate plaintiff. See Cadle Co. v. Shabani, 4 So.3d 460, 462-63 (Ala.2008). By analogy, that reasoning would align Alabama with those jurisdictions holding that a trial court has no subject-matter jurisdiction over a complaint solely against a deceased person. See, e.g., Bricker v. Borah, 127 Ill.App.3d 722, 469 N.E.2d 241, 82 Ill.Dec. 707 (1984); Mitchell v. Money, 602 S.W.2d 687 (Ky.Ct.App.1980); and Mercer v. Morgan, 86 N.M. 711, 526 P.2d 1304 (Ct.App.1974); see also Garlock Sealing Techns., LLC v. Pittman, [Ms. 2008-IA-01572-SCT, Oct. 14, 2010] — So.3d-(Miss.2010) (holding that complaint filed in name of deceased person was a legal nullity).
Thus, the custody petition filed on October 14, 2010, by M.C. (“the father”) against J.S. (“the mother”), who died in 2006, failed to invoke the subject-matter jurisdiction of the trial court, and all subsequent actions by the trial court in case no. DR-10-882, including the entry of a judgment awarding custody of the child to the father, are void. A void judgment will not support an appeal. Hayes v. Hayes, 16 So.3d 117, 120 (Ala.Civ.App.2009). Therefore, I concur that this court should dismiss appeal no. 2101154.
As to appeal no. 2101173, A.E., the maternal aunt, and J.E., the maternal uncle, argue that the trial court, acting in its capacity as a juvenile court, clearly erred in declining to find the child dependent. *601 The evidence proves that the mother, the child’s legal custodian pursuant to a 2005 child-support judgment, died in 2006. Less than two months later, S.K.P., the maternal grandmother, obtained a judgment declaring the child dependent and naming her as the child’s legal custodian. Whatever legal rights the maternal grandmother received from that judgment, which was obtained in a dependency proceeding in which the father apparently was never served, see Rule 13(A)(1), Ala. R. Juv. P. (requiring service of dependency petitions on parents of child), the maternal grandmother did not long exercise those rights, turning custody of the child over to the maternal aunt and uncle "within a few months. The child resided with the maternal aunt and uncle and they acted as her de facto custodians up until the time of the dependency hearing on July 21, 2011.
In Ex parte L.E.O., 61 So.3d 1042 (Ala.2010), our supreme court determined that a child that has been abandoned by his or her parents is “in need of care or supervision,” and therefore dependent, when the child is not “receiving adequate care and supervision from, those persons legally obligated to care for and/or to supervise the child.” 61 So.3d at 1047. In Ex parte L.E.O., the supreme court construed the statutory definition of “dependent child” in former § 12-15-1(10), Ala.Code 1975, a part of the former Alabama Juvenile Justice Act (“the former AJJA”), former § 12-15-1 et seq., Ala.Code 1975, but the terms at issue in Ex parte L.E.O. remain essentially unchanged in the new version of the Alabama Juvenile Justice Act (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975. See § 12-15-102(8), Ala.Code 1975. Thus, Ex parte L.E.O. remains controlling precedent as to the definition of a “dependent child.” Bolte v. Robertson, 941 So.2d 920, 924 (Ala.2006) (per Parker, J., with four Justices concurring in the result) (holding that caselaw interpreting predecessor statute remained good law because present statute lacked material changes).
The facts, outlined in detail in the main opinion, 100 So.3d at 596, show, without dispute, that the father had abandoned the child within the meaning of that term as set out in § 12-15-301(1), Ala.Code 1975. Aside from sporadic visits ending in 2006 and the payment of child support, the father, without good cause or excuse, did nothing to act as a father toward the child until asserting his parental rights for the first time in 2010, when he filed his custody petition. The father left the child to reside with the maternal aunt and uncle, who, indisputably, never acquired legal custody of the child and who, at all times, acted as mere “unobligated volunteers” with “no legal obligation” to the child. See Newman v. Newman, 667 So.2d 1362, 1366-67 (Ala.Civ.App.1994). Those undisputed facts show that, at the time of the dependency hearing, the child fit firmly within the definition of a “dependent child” as a child “[wjhose parent ... has abandoned the child, as defined in subdivision (1) of Section 12-15-301,” § 12-15-102(8)a.5., and who was not “receiving adequate care and supervision from those persons legally obligated to care for and/or to supervise the child.” Ex parte L.E.O., 61 So.3d at 1047 (emphasis omitted).
The father nevertheless argues that the child could not be considered dependent because he was no longer abandoning the child, having asserted his parental right to visitation in the trial court beginning in December 2010. Viewing the evidence of the circumstances existing at the time of the hearing on July 21, 2011, it remains that the father, strictly speaking, “has abandoned the child,” as that term is phrased in the past tense in § 12-15-102(8)a.5. (emphasis added). But, even without such a strict construction, I cannot imagine that the legislature intended that *602 a child would be considered no longer abandoned because a parent, who had utterly disappeared from the life of the child for years, had recently reappeared before a dependency hearing to attempt to claim a normal parental role through incremental visitation. I agree with the main opinion, 100 So.3d at 598, that any current presence of that parent in the child’s life would not alleviate the fact that the child was forced, without justification, to go without the affiliation of the parent and, as illustrated in this case, impelled to forge familial bonds with others during the period when the parent was missing. See generally Ex parte 933 So.2d 1081, 1092 (Ala.2005) (quoting K.W.J. v. J.W.B., 933 So.2d 1075, 1080-81 (Ala.Civ.App.2005) (Murdock, J., dissenting)) (noting that an abandoned child continues to grow and form bonds with his or her caretakers in the absence of the missing parent).
David R. Wilson, a licensed psychologist, rendered an opinion in this case that would undoubtedly be repeated in any case like this and that the trial court indicated it accepted — that the child considers the maternal aunt and uncle to be her parents and that the child “definitely” would suffer “devastating” psychological and emotional harm affecting her long into her life if the child were removed from their care. That harm would be directly traceable to the fact that the father abandoned the child, causing her to turn elsewhere for a parent-child relationship. The entire thrust of the dependency statutes is to protect children from being harmed by their parents’ acts or omissions. See § 12-15-101, Ala. Code 1975. Thus, when a parent “has abandoned” a child, like the father did in this case, the child should not be considered “unabandoned” for the purposes of determining the dependency of the child when the effects of the earlier abandonment still subject the child to harm. See Pace v. Armstrong World Indus., Inc., 578 So.2d 281, 283 (Ala.1991) (holding that statute should be construed to give effect to the purpose sought to be obtained). Thus, the mere fact that the father had started visiting with the child in the seven months preceding the dependency hearing does not mean that the child was no longer abandoned.
The trial court clearly erred in failing to find the child dependent within the meaning of § 12-15-102(8)a.5. and in accordance with our supreme court’s decision in Ex parte L.E.O.. Despite any disagreement I may have with Ex parte L.E.O., see L.E.O. v. A.L., 61 So.3d 1058, 1059-67 (Ala.Civ.App.2010) (Moore, J., concurring in the result), I am constrained to give that decision its fullest effect. § 12-3-16, Ala. Code 1975. I concur in the result reached by the main opinion in appeal no. 2101173 — that the judgment entered in case no. JU-10-300302.01, declining to find the child dependent and dismissing the dependency petition filed by the maternal aunt and uncle, is due to be reversed and the case remanded for the trial court to make a finding of dependency and to conduct such further proceedings as required by the AJJA. Ex parte L.E.O., 61 So.3d at 1050.
However, this court cannot render a judgment awarding the maternal aunt and uncle custody of the child, as they request in their brief. Because the trial court declined to find the child dependent, the trial court did not proceed to the disposi-tional phase of the dependency proceeding. See T.C. v. Mac.M., 96 So.3d 115, 122 (Ala.Civ.App.2011) (Moore, J., dissenting) (explaining the two phases of dependency proceedings). As such, the trial court never entered any judgment disposing of the custody of the child in the dependency proceeding. Despite the fact that it is apparent to me that the best interests of the child would be served by awarding the *603 maternal aunt and uncle legal and physical custody of the child, I believe it would be premature for this court to order the trial court to do so when the trial court has not yet had an opportunity to fulfill its statutory duty. See 12-15-314, Ala.Code 1975.